IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 12-00293-KD |
| MOHAMMAD ABDUL RAHMAN | * | |
| ABUKHDAIR, and | * | |
| RANDY LAMAR WILSON, JR, a.k.a., | * | |
| RASHEED WILSON | * | |

ORDER

This matter is before the Court on the Government's "Motion for Omnibus Protective Order" (Doc. 30), Defendant Wilson's "Objection to Protective Order" (Doc. 33), Defendant Wilson's "Proposed Order" (Doc. 41), the Government's "Reply to Defense Opposition to Motion for an Omnibus Protective Order" (Doc. 45), Defendant Wilson's "Response to Government's Reply" (Doc. 46), the January 24, 2013 Order of the Magistrate Judge (Doc. 66), and Defendant Wilson's "Appeal of Protective Order" (Doc. 69).

A hearing was held before the undersigned on January 31, 2013. Present at this hearing were Domingo Soto, counsel for Defendant Wilson; and Christopher Bodnar and Sean Costello, counsel for the Government.

**A. Protection of Third Party Personal Identifiers Within the General Discovery**

As part of its obligation pursuant to FED. R. CRIM. P. 16, the United States will provide the defendants with general discovery documents which may be subject to the Privacy Act, 5 U.S.C. § 552, the Social Security, 42 U.S.C. § 1306 and/or this Court's Standing Order No. 30, because they may contain names, addresses, social security numbers, and dates of birth. In order to limit the dissemination of the above-described protected general discovery, the United States asks that the Court apply the following protective conditions:

1

1. General discovery materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Omnibus Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co- counsel. In addition, counsel of record for the defendants, any co-counsel, and any defense investigator may show (but not provide copies of) any of such general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case;

2. Any protected general discovery in this case, including any copies, notes, summaries, etc. containing protected general discovery, will be stored at defense counsels' office or the office of an expert who, as noted, shall be subject to the same disclosure limitations.

3. Any document filed with the Court, including any attachment, which contains protected general discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to Standing Order No. 30.

4. The procedure for use of protected general discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting protected general

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

discovery to remove individual personal identifiers, request the Court to submit such documents under seal, code the documents to substitute numerical or other designations for the individual's name or other identifying information, request that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introduce any summary evidence where practicable which may be more easily redacted.

5. Nothing contained in this motion shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, protected general discovery documents related to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected general discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected general discovery consistent with the terms of this motion and subsequent Omnibus Protective Order. A copy of the Omnibus Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency, or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery documents.

### B. Protection of Sensitive Discovery Materials

For the purposes of this motion for an Omnibus Protective Order, the term "sensitive discovery materials" includes all declassified or formerly-classified information or materials that may be reviewed by or made available to the defendants or defense counsels in this case.

1. "Sensitive discovery materials" shall not be further disseminated by the defendant or his counsel to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court ex parte and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

2. The government shall provide a hard copy of any sensitive discovery material appropriately so marked. It is expressly understood that counsel for the defendant or co-counsel SHALL NOT provide or show any of such sensitive discovery materials to witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to provide or show particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. Defense counsel in receipt of sensitive discovery materials may only make copies of such materials in accordance with this order.

Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission."

3. Any document filed with the Court, including any attachment, which contains sensitive discovery materials, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to Standing Order No. 30.

4. Counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place.

5. Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of any materials that may be submitted to the Court in connection with any litigation related to the provisions of 50 U.S.C. Ch. 36 shall be governed by that Chapter, and/or CIPA, 18 U.S.C. App. III § 1, *et seq.*

**C. UCE or CHS Personal Identifiers in Either General or Sensitive Discovery**

If any declassified information about the actual or cover personal identifiers[2] of UCEs or CHSs is included in EITHER general or sensitive discovery materials, the United States requests that the Court put in place the following protections:

1. The defendants and counsel will not publicly disclose the actual or cover names of any UCE or CHS in any pretrial filing or at any pretrial hearing in open court.

2. The defendants and counsel will not disseminate any declassified information about a UCE or CHS except to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial

---

[2] In the context of CHSs and UCEs, such personal identifiers include not only identifiers such as addresses, Social Security numbers, and dates of birth, but also physical characteristics, true identity, and any other unique identifying number or characteristic.

staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

3. All audio and video recordings in which a UCE or CHS can be seen, heard, or is discussed shall not be copied or reproduced in any way unless (1) the defendant provides advanced notice to the United States, and (2) the defendant moves the Court for authorization to make such copies and reproductions. Notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such applications. Copies may ONLY be provided to members of the defense team (as defined in paragraph 2), and may only be provided to further the legitimate investigation and preparation of this case.

4. All audio and video recordings in which a UCE or CHS can be seen, heard, or is discussed must be maintained at the office of defense counsel, and removed from such offices only be members of the defense team (as defined in paragraph B.1.).

**D.  General Provisions**

The United States requests that these general provisions apply to the Omnibus Protective Order as a whole:

1. Any modifications of this Omnibus Protective Order will only be done by order of the Court. Until the Court rules on any such motion, no disclosure of protected general discovery shall be made, except in compliance with this Omnibus Protective Order.

2. At the conclusion of this criminal matter, defense counsel shall return to the United States all discovery materials and any copies thereof. Defense counsel shall also destroy any derivative contents of such sensitive government discovery material, e.g., verbatim excerpts of recordings or transcripts (if they exist), other than attorney work product.

3. All declassified sensitive discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States. Defense counsel will return the sensitive discovery information, and all copies thereof, to the United States at the conclusion of the case.

4. Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any litigation related to the provisions of 50 U.S.C. Ch. 36 shall be governed by that Chapter and/or CIPA, 18 U.S.C. App. III § 1, *et seq*.

5. Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the handling of any classified material MUST be done in accordance with CIPA, 18 U.S.C. App. III, § 1 *et seq*.

6. This Omnibus Protective Order shall survive the termination of this action and becomes effective **February 6, 2013**, unless further modified by the Court.[3]

**DONE** and **ORDERED** this the **31ST** day of **January 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] Any request for modification should be filed on or before **Monday, February 4, 2013** at **5:00 p.m.**