# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 12-00293-KD-N |
| | ) | |
| RANDY LAMAR WILSON, JR., | ) | |
|     Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Randy Lamar Wilson, Jr.'s "Motion to Dismiss Indictment" (Docs. 85, 86) and the Government's response (Doc. 105).

**I.    Whether the charged crime is unconstitutionally vague**

Wilson argues[1] that the charges against him, pursuant to 18 U.S.C. § 2339A, should be dismissed because that statute is vague as applied and on its face. 18 U.S.C. § 2339A(a) provides, in pertinent part: "Whoever provides material support or resources ... knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section ... 956 ... of this title ... shall be... imprisoned...." 18 U.S.C. § 956 sets forth, in pertinent part, the underlying crimes for which Wilson is charged of knowingly conspiring to provide material support or resources: "Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping or maiming [18 U.S.C. § 956(a)(1)] ...[or] ... damage or destroy specific property situated within a foreign country… [18 U.S.C. § 956(b)] … shall … be punished…."

---

[1] Wilson also questions whether a person can conspire to conspire. However, Wilson fails to support the query with any analysis or law. Accordingly, the court does not address the contention.

1

18 U.S.C. § 2339A(b) defines "material support or resources" as, *inter alia,* "personnel." The term "personnel" is not further defined. However, as the Supreme Court has stated, the term "personnel" as used in 18 U.S.C. § 2339A(b) is "quite different from the sorts of terms like, 'annoying' and 'indecent,' that the Court has struck down for requiring 'wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.'" Holder v. Humanitarian Law Project, 130 S.Ct. 2705, 2709 (2010).

To satisfy due process, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Moreover, the Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982).

18 U.S.C. § 2339A's scienter requirement is that the defendant provide material support or resources "knowing or intending" that they be used in preparation for, or in carrying out, an enumerated crime. In count one of Wilson's indictment, the enumerated crime is conspiracy to murder or maim persons or damage property in a foreign country. As stated in United States v. Sattar, 314 F.Supp.2d 279, 298 (S.D.N.Y. 2004) "in using the term 'personnel' in § 2339A, Congress plainly intended to refer to persons engaged in 'prepar[ing] for' or 'carry[ing] out' one of the crimes specified in § 2339A[.]" An ordinary person can understand that it is a crime to conspire to provide your own services, intending that your services be used to carry out a conspiracy to murder, maim or damage property in a foreign country. This is what the government alleges happened in this case. Thus, Wilson's as-applied vagueness challenge to the

2

statute fails.  Because the statute is not unconstitutionally vague as applied to the charge against Wilson, Wilson does not have standing to argue that 18 U.S.C. § 2339A is unconstitutional on its face.  United States v. Di Pietro, 615 F.3d 1369, 1372 (11th Cir. 2010).

**II.     Whether the statute is overbroad**

For the reasons succinctly and correctly stated in the government's response and the law cited therein (pp.15-17), the court finds that the statute is not overbroad.

**III.    Challenge to the evidence**

In essence, although couched as constitutional objections, Wilson's objections are primarily that his conduct does not violate the statute; that the evidence does not support an agreement that would constitute a conspiracy to provide material support.  Wilson argues that his conduct of encouraging jihad (a term with more than one meaning), voicing support for Sharia Law, associating himself with kindred spirits and desiring to travel to a country that might situate him in the future as a protector of this faith has subjected him to this prosecution.  Wilson also argues that there is no proof that Wilson or his co-conspirators had any connection to an identifiable terrorists group.

The government disagrees and sets forth a different version of the facts from which different inferences are urged.  Specifically, they contend that Wilson's recorded conversations with his co-defendant and an informant clearly show Wilson's intent to provide himself (personnel) to be used to carry out the crime of conspiracy to murder or maim persons or damage property in a foreign country.  The government also points to evidence that, it alleges, concerns

Wilson's and the co-defendant's connections with terrorists and their plans to locate themselves with easy access to terrorist activities so they could participate.

Clearly, at this stage in the litigation, Wilson cannot challenge the sufficiency of the evidence. Thus, any challenge that his conduct fails to prove a conspiracy to provide himself to terrorist intending that his services be used to carry out a conspiracy to murder, maim or damage property in a foreign country, is premature.

For the reasons stated herein, the Motion to Dismiss (Docs. 85, 86) is **DENIED.**

**DONE** and **ORDERED** this the **26th** day of **March 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**